United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30937
Summary Calendar

_____

MICHELLE R. WILLIAMS,

Plaintiff-Appellant,

versus

STERLING HEALTHCARE SERVICES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
Docket No. 5:04-CV-1531

_____

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Michelle Williams brings this appeal, challenging the
district court's grant of summary judgment in favor of her former
employer, Sterling Healthcare Services, Inc. ("Sterling"). Because
Williams failed to present a genuine issue of material fact as to
her Title VII and Louisiana employment law discrimination claims,
as well as her Family and Medical Leave Act ("FMLA") retaliation
claim, we AFFIRM.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Background

Sterling sells pharmaceutical products to nursing homes and long-term care facilities; it operates two pharmacies in Louisiana. The company is a wholly-owned subsidiary of Omnicare, Inc. ("Omnicare"), which owns pharmacies nationwide. Sterling is part of Omnicare's Southern Region, which is managed out of an office in Oklahoma City. Omnicare had a longstanding practice of eliminating redundant jobs in its pharmacies and transferring management functions to its regional offices. Sterling asserts, and Williams does not dispute, that by the beginning of 2003, Omnicare had eliminated all on-site accountants in its Southern Region, save for Williams.

Williams was hired by Sterling as an accountant in August 2000, after Sterling had been acquired by Omnicare. Beginning in 2001, Williams voluntarily took on various human resource and administrative responsibilities at Sterling in addition to her accounting work. When these additional responsibilities became too much for her to handle on her own, a pharmacy technician, Teresa Bordelon, became her assistant.

Williams discovered she was pregnant in September 2002, and promptly notified Sterling. According to their affidavits, managers at both Omnicare and Sterling made a final decision in January 2003 to eliminate Williams's position, owing both to Omnicare's consolidation efforts and Sterling's loss of a primary

2

customer, which imminently threatened to reduce Sterling's revenue by $300,000 monthly. In February 2003, supervisors at Omnicare instructed Williams to begin transferring her accounting duties to Oklahoma City. On April 28, 2003, Williams gave birth and took FMLA maternity leave; the majority of her accounting responsibilities had been transferred to the regional office at this point. Williams returned from leave on June 9, 2003 and was told by a supervisor at Sterling on June 13 that her position had been eliminated.

Williams brought suit against Sterling on July 23, 2004, alleging that she had been wrongfully terminated on the basis of pregnancy discrimination pursuant to Title VII and Louisiana employment law, and that her termination was in retaliation for her taking FMLA leave. Sterling moved for summary judgment, and on August 29, 2005, the district court granted the company's motion. Williams now brings this appeal.

## II. Discussion

This court reviews a district court's grant of summary judgment de novo. Evans v. City of Houston, 246 F.3d 344, 347 (5th Cir. 2001). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 312-33, 106 S. Ct. 2548,

3

2552-53 (1986).  On a motion for summary judgment, a court must review the facts in the light most favorable to the nonmovant. Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000).

## A.  Title VII and Louisiana Claims

The familiar McDonnell Douglas framework governs Williams's Title VII pregnancy discrimination claim, as well as her employment discrimination claims brought under Louisiana law.  See King v. Phelps Dunbar, LLP, 743 So.2d 181, 187 (La. 1999)(Louisiana employment discrimination claims are analyzed in the same manner as those brought under Title VII).  To survive summary judgment, a plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence.  Pratt v. City of Houston, 247 F.3d 601, 606 (5th Cir. 2001) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25 (1973)). If the plaintiff succeeds in establishing a prima facie case, there then exists a presumption of discrimination by the employer, who is required to provide the court with a legitimate, nondiscriminatory reason for the challenged actions.  McDonnell Douglas, 411 U.S. at 802-04, 93 S. Ct. at 1824-25.  If the employer furnishes the court with a legitimate, nondiscriminatory reason for its actions, the burden shifts again to the plaintiff to provide the court with evidence "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S. Ct. 2097, 2106 (2000).

4

Williams devotes a substantial portion of her brief on appeal to arguing that the district court erred in concluding that she had failed to establish a prima facie case. She urges that Sterling conceded the issue for the purposes of summary judgment, and argues in the alternative that the district court applied the incorrect legal standard to this reduction-in-force case. Such arguments are ultimately academic, however, as even assuming arguendo that Williams can make out a prima facie case, the district court correctly concluded that Williams failed to present evidence sufficient to rebut Sterling's legitimate, nondiscriminatory reasons for terminating Williams.

Sterling stated that it eliminated Williams's job based on Omnicare's decision to transfer Williams's accounting functions to Oklahoma City, and that the decision to terminate Williams became final after Sterling lost one of its major clients. The evidence presented by Williams in response is conclusory and immaterial. Williams claims that other employees whose positions were allegedly eliminated by Sterling as part of the company's cost-cutting measures in fact either resigned or were terminated for cause. Williams next claims that her performance evaluations dropped significantly after she became pregnant, and that her former assistant, Bordelon, received a pay increase after assuming some of her non-accounting duties. Finally, she alleges that she was misled regarding the elimination of her position until she returned from FMLA leave and was terminated.

Accepting all of these claims as true, Williams still creates no issue of pretext. At best, Williams's evidence indicates that Sterling did a poor job in handling her termination, but her claims do nothing to call into question the veracity of Sterling's explanation that her job was terminated as part of a reduction in force, whether brought on by a downturn in business, or by the ongoing consolidation efforts of Omnicare. The fact is that Sterling chose not to replace other employees who quit or were fired contemporaneously with Williams, and Bordelon's replacement of Williams reduced two positions to one. Finally, because the decision to centralize accounting was a home-office decision, Williams's conversations with or evaluations by her immediate supervisor are not probative of discrimination. "Generalized testimony by an employee regarding his subjective belief that his discharge was the result of [] discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for his discharge." Elliott v. Group Med. & Surgical Serv., 714 F.2d 556, 566 (5th Cir. 1983). As such, the district court did not err in granting summary judgment to Sterling as to Williams's Title VII or Louisiana employment discrimination claims.

## B. FMLA Retaliation

The FMLA requires employers to provide employees with up to twelve weeks of unpaid leave in connection with certain medical events, including the birth of a child. 29 U.S.C. § 2612(a)(1)(A).

Williams alleges that she was unlawfully terminated in retaliation for taking FMLA leave following the birth of her child. See 29 C.F.R. § 825.220(c). As with Title VII claims, the McDonnell Douglas framework applies to those plaintiffs who can state a prima facie case of retaliation. Hunt v. Rapides Healthcare Sys. LLC, 277 F.3d 757, 768 (5th Cir. 2001).

As discussed, supra, even assuming arguendo that Williams could state a prima facie case, none of her evidence rebuts Sterling's explanation that Williams's job was cut to achieve a reduction in force, and the decision to eliminate her job occurred months before she took FMLA leave. Therefore, the district court did not err in granting summary judgment to Sterling concerning Williams's FMLA retaliation claim.

## III. Conclusion

For the foregoing reasons, the decision of the district court is **AFFIRMED**.

7