# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2022

Lyle W. Cayce
Clerk

No. 21-40406

ARLICIA GOSBY,

*Plaintiff—Appellant*,

*versus*

APACHE INDUSTRIAL SERVICES, INCORPORATED,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:20-cv-69

Before SOUTHWICK, HAYNES, and HIGGINSON, *Circuit Judges*.

LESLIE H. SOUTHWICK, *Circuit Judge*:

A temporary employee on a construction job suffered a diabetic attack at work. Six days later, the employee was terminated along with several others. The employee sued her employer, alleging she had been discriminated against due to her diabetes. The district court granted summary judgment for the employer. We REVERSE and REMAND.

## FACTUAL AND PROCEDURAL BACKGROUND

Apache Industrial Services, Inc. hired Arlicia Gosby on March 23, 2018, to work as a scaffolding helper at an Exxon plant in Beaumont, Texas.

The job consisted mostly of assisting in the building or dismantling of scaffolds. She was required to undertake a physical examination before she began work. In her pre-employment paperwork and physical examination, Gosby disclosed that she suffers from diabetes, a condition covered by the Americans with Disabilities Act ("ADA"). *See, e.g.*, 29 C.F.R. § 1630.2(j)(3)(iii). On the day of her physical, Gosby's blood glucose levels were elevated. A nurse practitioner recommended a consultation with Gosby's primary care provider in addition to following a restriction against climbing at the jobsite.

After Gosby's doctor cleared her for work, she began on April 3, 2018. Apache does not dispute that Gosby was qualified to do her job even after Apache's physician recommended she not climb in her job working with scaffolding. Gosby worked for Apache for several weeks, with the expectation that the job would not last more than six months. Her employment terminated long before that six-month mark when she and eleven other employees were included in a "reduction in force" on May 2, 2018.

Gosby alleged that her inclusion among those terminated was due to her having diabetes. On April 26, just a week earlier, she had suffered a diabetic attack at work and was taken to the medical tent for treatment. Gosby's supervisor, Charles Hutchins, was informed of the incident and sent Gosby home to stabilize her blood sugar. Gosby soon received clearance to return to work and informed Apache of that clearance on her next scheduled workday. That day, though, Apache sent home the scaffolding team on which Gosby worked, allegedly due to lack of work. Two days later, Apache announced 12 layoffs that included Gosby. Gosby has stated that two Apache employees, Edward Mason and Jacob Primeaux, told her that she was included in the layoffs because of her visit to the medical tent. During her deposition, Gosby stated that she had even earlier been warned by Primeaux

not to go to the medical tent for a jammed finger because she "probably would have got laid off" for being a "risk." Gosby's supervisor, Hutchins, is the person who signed the paperwork for Gosby's discharge.

Gosby filed a charge with the Equal Employment Opportunity Commission alleging discrimination on account of her disability. After exhausting her administrative remedies, Gosby sued Apache in the United States District Court, Eastern District of Texas, bringing claims for damages under the ADA. At the conclusion of discovery, the district court granted Apache's motion for summary judgment. Gosby timely appealed.

## DISCUSSION

We review a grant of summary judgment *de novo*, applying the same legal standard as the district court. *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017). Summary judgment is appropriate when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view evidence and all factual inferences in the light most favorable to the nonmoving party. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).

The ADA prohibits discrimination against a qualified individual based on the individual's disability. 42 U.S.C. § 12112(a); *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). An employee may use "direct or circumstantial evidence, or both" to establish a case of discrimination. *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). In cases in which the plaintiff produces only circumstantial evidence, we proceed under the *McDonnell Douglas* burden shifting framework. *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The framework first requires the employee to establish a *prima facie* case of discrimination. *See LHC Grp.*, 773 F.3d at 694. That requires an employee to establish (1) she is disabled within

the meaning of the ADA, (2) she was qualified for the job, and (3) she was fired on account of her disability. *See Nall*, 917 F.3d at 341. If a *prima facie* case is established, the employer has the burden of "articulat[ing] a legitimate, non-discriminatory reason" for the firing. *See id.* If the employer does so, the burden returns to the plaintiff "to produce evidence from which a jury could conclude that the employer's articulated reason is pretextual." *Cannon v. Jacobs Field Servs. N.A., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016).

We summarize the district court's analysis in granting summary judgment to Apache. First, the district court found that Gosby had failed to establish a *prima facie* case of discrimination because she produced no evidence for a causal link between her disability and termination beyond the temporal proximity of her diabetic attack to her termination. Further, the district court decided the temporal relationship "should be given little weight" because Gosby expected to be laid off within six months when the projects were completed.

The district court also disregarded Gosby's recollection of statements from Apache employees Primeaux and Mason because there was no evidence the employees were involved in or made the decision to terminate Gosby. As a result, the district court stated it viewed the evidence in Gosby's favor but could not infer that Apache intended to discriminate on the basis of Gosby's diabetes.

The district court then concluded that even had Gosby presented a *prima facie* case, Apache presented a legitimate, nondiscriminatory, and unrebutted reason for her termination. The reason was a reduction in force. The burden then shifted to Gosby to support that the reason was pretextual. She argued that a fact question arose because Apache offered different explanations for how they chose employees for the reduction in force; that another fact question remained as to whether Gosby's work restrictions

influenced her termination; and that Apache retained a similarly situated employee while terminating Gosby. The district court granted summary judgment for Apache.

Gosby argues the district court erred when it stated that temporal proximity was insufficient to establish a *prima facie* case when the employment is "short-term in nature." She also argues that the district court committed various errors in applying the *McDonnell Douglas* framework. We now evaluate those arguments.

## I.   *Gosby's* prima facie *case*

The district court found that Gosby had carried her burden to establish a *prima facie* case except for failing to demonstrate a causal link between her disability and her termination. Gosby had argued that she had established the necessary causal connection based on the "exceptionally close temporal proximity between" her diabetic episode that caused her to be sent home briefly and her termination. The district court rejected that there was any significance to the fact that only six days passed between her diabetic attack and layoff since Gosby's employment was to be temporary anyway. The district court believed that if temporal proximity alone were sufficient to establish a *prima facie* showing in a case with only brief employment, "Apache would only be able to terminate Gosby during a small portion of her employment without being at risk of a temporal proximity argument.

We disagree with the district court. "The burden of establishing a *prima facie* case of disparate treatment is not onerous." *Turner v. Kansas City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir. 2012) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). In retaliation cases, "temporal proximity between protected activity and [adverse employment action] is sometimes enough to establish causation at the *prima facie* stage." *See*

*Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948–49 (5th Cir. 2015). This guidance is qualified, though: "[T]he protected act and the adverse employment action [must be] 'very close' in time." *Id.* (alterations in original). The principle holds for discrimination cases as well.

A relevant precedent is our recent decision in *Lyons v. Katy Independent School District*, 964 F.3d 298 (5th Cir. 2020). There, we found error in a district court's finding that a "one-week temporal proximity between" a protected activity and an adverse action was insufficient to establish a *prima facie* case. *Id.* at 306. Apache, though, of course insists the district court was correct to conclude that employment that by its very nature is to be short term must be treated differently. We can agree at least to the extent of saying that facts matter. Evaluating temporal proximity in the context of employment that is understood to be short-term cannot ignore that context. How long her employment was expected to last may have been unknown, but all we are concerned with here is whether Gosby carried her light burden of showing a *prima facie* case.

The evidence was that Gosby was terminated immediately after an event that highlighted her ADA-protected disability. If in fact her short-term position was to end for other reasons at the same time, that can be shown by the employer as part of its response. Gosby, a new and disabled employee, was included in the reduction in force. Employment was continuing for many, and perhaps most, other scaffolding employees. The proximity of her diabetic episode on the job and her termination was sufficient to constitute a *prima facie* case that she was included in the group to be terminated for ADA-violative reasons.

If failure to satisfy this first step in the burden shifting framework was the only reason for summary judgment, we would reverse simply for that error. Here, though, the district court also found Gosby failed to show

Apache's explanation for her termination was pretextual. Thus, we continue.

## II.    *Pretext*

After the employee makes out a *prima facie* case, the employer must articulate a "legitimate, nondiscriminatory reason" for the adverse employment action; if it does so, the burden shifts back to the employee. *See Goudeau*, 793 F.3d at 474. At that point, in response to a motion for summary judgment, "an employee must present 'substantial evidence' that the employer's legitimate, nondiscriminatory reason for termination is pretextual." *Delaval v. PTech Drilling Tubulars, LLC*, 824 F.3d 476, 480 (5th Cir. 2016) (quoting *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015)). A plaintiff may meet this burden by presenting "evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *See id.* (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

The district court determined that Apache's reduction-in-force justification was a "legitimate, non-discriminatory reason for termination." The burden then shifted back to Gosby to rebut the reason as pretextual. Gosby did not challenge the reduction in force itself as pretextual, but she did claim that her inclusion in it was discriminatory. Gosby did not argue she was "clearly better qualified than similarly situated employees" but claimed that Apache used criteria for selecting those to be terminated that allowed her disability to be considered. In support of the claim, she argues here as she did in district court that factual disputes remain as to the actual reasons she and others were selected for termination, and whether her medical restrictions prevented her from obtaining the experience and training that others gained. The district court found that Gosby failed to establish a

material question of fact about whether Apache's "reduction in force" was pretextual.

We summarize the crux of one of Gosby's arguments as being that Apache was unable to express coherent, consistent criteria that it used in reducing the force. Apache's inability to state reliably why certain people were chosen for termination is significant, Gosby argues, because it discredits Apache's insistence that no discrimination was involved.

Gosby is correct that Apache witnesses gave different rationales for inclusion in the reduction in force at different times. One set of offered criteria for the layoffs was that they were based on "performance, the skillset of individuals, and time on the worksite." Another explanation was much more detailed, and seemingly different:

> typically in a layoff, we would impact people at a lower job level, want to keep the employees that are highly skilled, and then also people who have had longer time at the site. . . . [s]o it would be, again, their job title or job level. It could be seniority, the performance. Any customer requirements at the time would also be a consideration. You know, attendance or discipline would also be taken into consideration. Yeah those are the main factors that are involved in the decision.

In addition, there is no evidence that Apache evaluated both terminated and retained employees against any fixed criteria. The record indicates that Gosby's supervisor, Hutchins, assessed each of the *terminated* employees against a set of ten criteria. There is no similar documentary evidence of assessments for retained employees. Indeed, Apache has argued that these evaluations were not the basis for inclusion in the reduction in force. The lack of evidence of a meaningful assessment process alone does not prove that Apache discriminated against Gosby. The inconsistent explanations and the absence of clear criteria, though, is evidence tending to show that Apache's "proffered explanation is false or 'unworthy of

credence.'" *Delaval*, 824 F.3d at 480 (quoting *Laxton*, 333 F.3d at 578). At this point, that is enough. We hold that Gosby has presented evidence sufficient to rebut Apache's nondiscriminatory reason for termination and show that a fact question exists as to whether that explanation is pretextual.[1]

### III. Conclusion

Gosby has established the elements of her *prima facie* case. She has also presented "substantial evidence" that Apache's nondiscriminatory rationale for her inclusion in the reduction in force was pretextual. *See Delaval*, 824 F.3d at 480. Consequently, an issue of material fact remains regarding whether Apache discriminated against Gosby on the basis of her disability by including her in the reduction of force. We REVERSE the district court's summary judgment and REMAND for proceedings consistent with this opinion.

---

[1] Gosby also claims that the district court improperly disregarded the warnings allegedly made by Jacob Primeaux to avoid the medical tent and the statements by Primeaux and Edward Mason that she had been terminated due to her disability. Apache argues that Gosby has forfeited this argument because she did not refer to the statements "as evidence of pretext" in her summary judgment briefing, and that the statements are hearsay and incapable of being presented in an admissible form at trial. Those are issues relevant to the grant of summary judgment. Because we reverse and remand for further proceedings, we need not analyze either issue as it is unlikely either will reappear, at least in the same form.