# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2024

Lyle W. Cayce
Clerk

———————

No. 24-10235

———————

Debbie Lutz,

*Plaintiff—Appellant*,

*versus*

Mario Sinacola & Sons Excavating, Incorporated; Mike Grimm,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-837

———————————————————

Before Wiener, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Debbie Lutz appeals the district court's grant of Defendants-Appellees' motion for summary judgment and denial of her motion for partial summary judgment. For the reasons set forth below, we AFFIRM.

I.

—————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10235

Defendant-Appellee Mario Sinacola & Sons Excavating, Inc. ("MSSE") is a company involved in many aspects of the construction industry. Lutz began working for MSSE as an administrative assistant in 2012. She later requested that she no longer work in that position because of issues she had with her supervisor, Jeff Larson. In 2014, MSSE transferred Lutz to serve as an administrative assistant in its Fuel Oil and Grease ("FOG") Division. Her new direct supervisor was Jose Ambriz. Before Lutz assumed the role, the administrative assistant position in the FOG Division did not exist. MSSE created the role by taking responsibilities from existing employees.

After sustaining a severe injury to her right hip from a domestic violence incident, Lutz informed Ambriz and Tony Phillips, Vice President of Human Resources at MSSE, that she needed surgery for a full hip replacement and would need medical leave for a minimum of six weeks. Lutz applied for Family and Medical Leave Act ("FMLA") leave and short-term disability benefits, which were approved by Cigna, MSSE's insurer, from the date of her surgery, February 6, 2020, until March 18, 2020. On or about March 18, 2020, Lutz's physician informed her that she would need to take an additional six weeks of leave because she was recovering slowly. Lutz submitted her request to Cigna, which then extended her FMLA coverage to April 29, 2020, but denied her any further short-term disability benefits.

The COVID-19 pandemic triggered a decline in MSSE's business operations, causing it to eliminate several jobs in a reduction in force. To determine which employees to include in the reduction in force, Defendant-Appellee Mike Grimm, Vice President of MSSE's Equipment Division, asked Ambriz and other managers if there were any positions that could be eliminated from their divisions. Ambriz recommended that Lutz's role be considered since it was "never needed." Grimm then passed on the recommendation to his supervisor, and on April 14, 2020, he informed Lutz

that MSSE was eliminating her position because of a COVID-19 reduction in force, thereby discharging her. Lutz concedes that she was not fired for any performance-based reasons, but she contends that the only reason she was discharged was because she was on FMLA leave.

Lutz filed suit against MSSE and Grimm, bringing FMLA interference claims against both of them. Lutz additionally raised Americans with Disabilities Act (ADA) and state law claims of disability discrimination and retaliation but only against MSSE. Appellees moved for summary judgment on all claims, and Lutz moved for partial summary judgment on her FMLA interference claim. The district court granted Appellees' motion and denied Lutz's motion, reasoning that MSSE's reduction-in-force justification was a legitimate reason to end Lutz's employment. Lutz timely appealed.

## II.

On appeal, we review a district court's grant of summary judgment de novo. *United States ex rel. Schweizer v. Canon, Inc.*, 9 F.4th 269, 273 (5th Cir. 2021). Summary judgment is proper when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All facts and reasonable inferences are construed in favor of the nonmovant. *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009) (per curiam).

## III.

Lutz appeals the district court's decision to dismiss her interference and discrimination claims against Appellees when it granted their motion for

summary judgment and denied her motion for partial summary judgment on her FMLA claim.[1]

### a.  Lutz's FMLA Interference Claim

We first address Lutz's contention that Appellees failed to plead COVID-19 reduction in force as an "affirmative defense." She contends that the United States Department of Labor's "regulations make clear that [the fact that] an employee's job would have been eliminated by a reduction in force even absent FMLA leave is essentially an affirmative defense." Because Appellees only raised an affirmative defense of mitigation of damages in their answers, Lutz asserts that the district court erred in refusing to grant her partial summary judgment. We disagree. Lutz conflates Appellees' burden of providing a legitimate and nondiscriminatory reason for employment termination with affirmative defenses. *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005) (describing burden-shifting framework); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). She also fails to point to any precedent that would require Appellees to plead reduction in force as an affirmative defense, and we have not found a case that supports her. We therefore hold that Appellees were not obligated to raise a reduction-in-force affirmative defense in their pleadings.

Turning to the merits of the case, Lutz claims that Appellees violated her rights under the FMLA because they terminated her position when she was out on FMLA leave. Under the FMLA, eligible employees are entitled

---

[1] Even though she appeals the district court's decision as a whole, Lutz's brief does not address her retaliation claims under the ADA or Texas Labor Code. We deem that those arguments are waived. *United Paperworkers Int'l Union AFL-CIO, CLC v. Champion Intern. Corp.*, 908 F.2d 1252, 1255 (5th Cir. 1990) ("[A]ny issues not raised or argued in the appellant's brief are considered waived and will not be entertained on appeal.").

No. 24-10235

to a total of twelve weeks of leave during any twelve-month period to address enumerated family and medical issues. 29 U.S.C. § 2612 (a)(1). To protect this right, employers that "interfere with, restrain, or deny the exercise of or the attempt to exercise" any right under the statute may be liable for FMLA interference. 29 U.S.C. § 2615 (a)(1).

FMLA interference claims are analyzed under the *McDonnell-Douglas* burden-shifting framework. *Turner v. Bd. of Supervisors of Univ. of La. Sys.*, No. 22-306515, 2023 WL 5092758 at *2 (5th Cir. 2023) (per curiam) ("Claims of FMLA interference are analyzed under the *McDonnell-Douglas* burden-shifting framework."); *Amedee v. Shell Chem., LP*, 953 F.3d 831, 835 (5th Cir. 2020). Under this framework, once Lutz establishes her prima facie case of interference,[2] the burden then shifts to her employer to articulate a legitimate and nondiscriminatory reason for her termination. *Richardson*, 434 F.3d at 332. If her employer is successful, the burden shifts back to Lutz to demonstrate by a preponderance of evidence that her employer's reason is pretext for discrimination. *Id.* at 332–33.

When addressing the merits of Lutz's FMLA claim, the district court assumed arguendo that Lutz had established a prima facie case and started its discussion at the next stage of the *McDonnell-Douglas* framework. We do the same, and we take no position on whether Lutz actually established a prima facie case for her FMLA interference claim.

---

[2] To establish a prima facie case of FMLA interference, Lutz must show that (1) she was an eligible employee; (2) her employer was subject to FMLA requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) her employer denied her benefits to which she was entitled under the FMLA. *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017).

We begin by discussing whether Appellees offer a legitimate, nondiscriminatory reason for Lutz's discharge. They contend that they ended Lutz's employment because of a company-wide reduction in force since COVID-19 caused a decline in their business operations through project shutdowns and loss of cash flow.

We have previously held that a reduction in force is a legitimate and nondiscriminatory reason to terminate an employee's position. *Baumeister v. AIG Glob. Inv. Corp.,* 420 F. App'x 351, 354 (5th Cir. 2011) (holding that the employer "has proffered a legitimate, non-discriminatory reason for terminating [its employee]" because "she was terminated as part of a [reduction in force]"); *Williams v. Sterling Healthcare Servs., Inc.*, 193 F. App'x 328, 330–331 (5th Cir. 2006) (per curiam) (holding that a downturn in the employer's business was a legitimate and nondiscriminatory reason for discharge). Because Appellees maintain that they ended Lutz's position solely because of a reduction in force, we conclude that they have met their burden at this stage.

We now address whether Lutz has demonstrated by a preponderance of evidence that Appellees' reduction-in-force justification for terminating her position was pretextual. To do so, she must present "substantial evidence." *Watkins v. Tregre*, 997 F.3d 275, 283 (5th Cir. 2021). "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded [triers of fact] in the exercise of impartial judgment might reach different conclusions." *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003) (internal quotation and citation omitted).

Lutz may meet this burden through either direct or circumstantial evidence, including "evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378–79 (5th Cir. 2010) (internal

quotation and citation omitted). "An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." *Laxton*, 333 F.3d at 578. "The ultimate determination . . . is whether, viewing all of the evidence in a light most favorable to the plaintiff, a reasonable factfinder could infer discrimination." *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000). "[E]vidence must be of sufficient 'nature, extent, and quality' to permit a jury to reasonably infer discrimination." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 826 (5th Cir. 2022) (quoting *Crawford*, 234 F.3d at 903).

Lutz advances three categories of evidence that she contends demonstrate pretext. All of these arguments fail.

Lutz first claims that fact issues prevented the district court from granting summary judgment in favor of MSSE and Grimm. She claims that the true reason Appellees fired her is because she was on FMLA leave, as she never had any performance issues or work violations. She also contends that Appellees cannot point to any criterion that it used to evaluate its employees when making its determinations of reduction in force. Appellees insist that they have consistently explained to Lutz that the only reason why she was fired was because of its reduction in force.

We have held that "evidence of 'inconsistent explanations and the absence of clear criteria' in an employer's decisionmaking can be enough to survive summary judgment if, under the facts of a particular case, that inconsistency and lack of criteria could lead to a reasonable inference of pretext." *Owens*, 33 F.4th at 830–31 (quoting *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 528 (5th Cir. 2022)). Even though Lutz might be able to prove that there was an "absence of clear criteria" as to why she was fired, she has not directed us to any "evidence of inconsistent explanations" for her termination since Appellees have consistently stated that her position

was "never needed" and the company was facing a decline in business. *Id.* We have also maintained that "[t]he lack of evidence of a meaningful assessment process *alone* does not prove that [an employer] discriminated against [an employee]." *Gosby*, 30 F.4th at 528 (emphasis added). As Lutz does not assert that there was an absence of clear criteria in Appellees' termination decision and that they provided inconsistent explanations, her attempt to show pretext this way fails.

Second, Lutz claims that Appellees' proffered reason is pretextual because her job duties were redistributed to other MSSE employees and that such redistribution is equivalent to being replaced by another employee. She further argues that Elizabeth Moreno, another MSSE employee, took over her job duties and title. On the contrary, Appellees argue that Lutz's responsibilities were returned to the employees who handled them before she became an administrative assistant in the FOG division and that her position was never replaced by anyone. We agree.

"[A] terminated employee has not been 'replaced' when his position is eliminated and his former duties are distributed among other co-workers." *Rexses v. The Goodyear Tire & Rubber Co.*, 401 F. App'x 866, 868 (5th Cir. 2010) (per curiam). Record evidence reveals that Lutz's duties were either given back to employees like Gregorio Gonzalez and Humberto Guzman, who were previously responsible for the respective tasks before Lutz joined the FOG division, or that they were given to other employees, such as Ambriz and Moreno. While Lutz targets Moreno particularly, she has offered no evidence, other than her own declarations, to support that Moreno in fact took over the administrative assistant position in the FOG division.[3] Lutz has

---

[3] Further, her only legal citation is to *Spears v. Louisiana College*, No. 20-30522, 2023 WL 2810057 (5th Cir. 2023) (per curiam) and even that case does not support her position. There, we stated that "employers may not circumvent Title VII protections by

thus not shown that Appellees' proffered explanation is "unworthy of credence."

Finally, Lutz contends that her termination was pretextual because she was more "qualified" than the employees who were not discharged. She states that she had more seniority and more experience than employees who were not fired, and that the only difference between her and the others was that she took FMLA leave while the others did not. Appellees counter that, despite making such assertions, she has not provided any evidence—other than her own speculation—for support.

Plaintiffs may demonstrate pretext by providing evidence showing that they were "*clearly* better qualified" than the chosen employees. *EEOC v. La. Off. of Cmty. Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995) (emphasis added). To do so, Lutz must offer evidence "from which a jury could conclude that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010) (quoting *Deines v. Tex. Dep't of Protective & Regul. Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999)). Lutz has failed to meet this burden for two reasons. First, she has not provided *any* record evidence that she was more qualified than the employees whom MSSE chose to retain. Second, as stated above, Lutz cannot back up her assertion that Moreno—or any employee for that matter—replaced Lutz as administrative assistant in the FOG division. Accordingly, Lutz's unsupported contentions do not show that she was

---

'fractioning' an employee's job" among several employees. *Spears*, 2023 WL 2810057 at *4. *Spears* is inapposite for two reasons. First, when we made that declaration, we were discussing whether the plaintiff had established a prima facie discrimination claim—not whether the employer's reason for termination was pretextual. *Id.* Second, in *Spears*, new employees were hired to take over the plaintiff's job responsibilities, whereas here, the job duties were given to employees who were already working at the company. *Id.* at *2.

"clearly better qualified" than other MSSE employees. Her argument therefore fails.

Because Lutz cannot prove by a preponderance of the evidence that MSSE's reason for her termination was pretext for discrimination, her FMLA interference claims cannot survive summary judgment.

b.  Lutz's Discrimination Claims

Lutz also appeals the district court's dismissal of her disability discrimination claims. Such claims are also analyzed under the *McDonnell-Douglas* framework. *Daigle v. Liberty Life Ins. Co.,* 70 F.3d 394, 396 (5th Cir. 1995). Here too, the district court only focused on whether Appellees' reason for Lutz's discharge was pretextual and did not comment on the merits of Lutz's prima facie case for disability discrimination. As already stated, because Lutz cannot prove by a preponderance of evidence that MSSE's reason for her termination was a pretext for discrimination, her discrimination claims do not withstand summary judgment.

AFFIRMED.[4]

---

[4] We need not address whether Grimm could have been personally liable for Lutz's discharge for two reasons. First, our conclusion results in the dismissal of all Lutz's claims against both MSSE and Grimm. Second, the district court did not discuss that issue on the merits, and we are a "court of review, not of first view." *Montano v. Tex.*, 867 F.3d 540, 546-47 (5th Cir. 2017).