# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2025

Lyle W. Cayce
Clerk

No. 25-50078
Summary Calendar

Wayne M. Ross,

*Plaintiff—Appellant*,

*versus*

Oracle America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-1053

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Wayne M. Ross, proceeding *pro se*, appeals the district court's without-prejudice-dismissal of his lawsuit against his former employer, Oracle America. Oracle terminated Ross's employment as a Business Development Consultant in 2023, allegedly in violation of the Americans with Disabilities Act. To state a claim for relief under the ADA

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for employment discrimination, Ross had to allege that he was: (1) disabled within the meaning of the ADA; (2) qualified for the job; and (3) fired because of his disability. *See Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 526 (5th Cir. 2022).

The district court referred the case to the magistrate judge. Because the magistrate judge had granted Ross leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) obliged the court to review Ross's complaint and dismiss it at any time if the court determined the action failed to state a claim. After screening the complaint, the conscientious magistrate judge ordered Ross to file a "More Definite Statement that, at a minimum, answer[ed]" the following questions:

1. Is Ross disabled within the meaning of the ADA? If so, how?

2. What was Ross's job at Oracle America? Was he qualified for this job?

3. Was Ross fired because of his disability? If so, how does Ross know he was fired because of his disability?

Ross complied in substance with the magistrate judge's order—though not specifically answering the three listed questions—by filing seventy-seven pages of evidence. The evidence indicated Ross's disability as major depressive disorder and generalized anxiety disorder.

Pursuant to § 1915(e)(2), the magistrate judge issued a report and recommendation that Ross failed "to allege that he was terminated from his position at Oracle based on his disability." Specifically, the magistrate judge found "Ross did not include any additional factual allegations" in response to the order for a more definite statement "but rather submitted 77 pages of evidence as his more definite statement." Ross's only evidence material to the question of whether Oracle fired him because of a disability was a report from the City of Austin Office of Civil Rights, which found that Oracle fired

No. 25-50078

him "because of his failure to meet performance expectations even when provided with reasonable accommodations." Given that Ross had not alleged any facts to support his claim that Oracle fired him because of his disability (and in fact provided evidence suggesting the opposite), the magistrate judge concluded that Ross had "failed to state a claim for employment discrimination in violation of the ADA." Accordingly, the magistrate judge recommended that the district judge dismiss Ross's claim with prejudice pursuant to § 1915(e)(2)(B). The R&R warned Ross that failure to timely file written objections would result in only plain error review by the district court.

Ross filed no objection to the R&R. The district court adopted the R&R after reviewing it for plain error, dismissed Ross's complaint without prejudice, and entered final judgment—all on the same day.[1] Ross filed a notice of appeal eight days later. Our review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420–23, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

On appeal, even construing his brief liberally, Ross does not raise any plain error in the district court's decision. Nor do we perceive any upon reviewing the record.

AFFIRMED.

---

[1] *See Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 557–58 (6th Cir. 2017) (holding that appellate jurisdiction under 28 U.S.C. § 1291 existed when the district court dismissed all claims without prejudice and, on the same day, entered final judgment).