United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-10434
_____

LOLA MCDOWELL,

Plaintiff-Appellant,

versus

THE HOME DEPOT USA, INC., doing business as The Home Depot,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1294-D
_____

Before REAVLEY, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

In March 2001, after hip replacement surgery and an extended medical leave, Lola McDowell returned to work for her employer, The Home Depot.  Soon after, McDowell began experiencing what she regarded as "harassment" by her new supervisor.  As a result, McDowell brought this action under the Americans with Disabilities Act (ADA).  McDowell contends that Home Depot (1) unlawfully discriminated against her on the basis of disability; (2) failed to reasonably accommodate her disability; and (3) retaliated against her for engaging in activities protected under the ADA.  The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court granted summary judgment for Home Depot as to all three claims.  We AFFIRM.

I

We review a grant of summary judgment de novo, applying the same standard as the district court.  See Seaman v. CSPH, Inc., 179 F.3d 297, 299 (5th Cir. 1999).  Summary judgment is appropriate where the record demonstrates no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).

The district court did not err in granting summary judgment as to McDowell's discrimination and reasonable accommodation claims. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual".  42 U.S.C. § 12112(a).  Thus, to prevail on her discrimination claim, McDowell must prove that: (1) she has a "disability", as the term is defined by the ADA; (2) she is qualified for the job; and (3) an adverse employment decision was made because of her disability.  See Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1092 (5th Cir. 1996).  Failure to accommodate is a form of discrimination under the ADA, and likewise, requires a showing that the plaintiff is disabled.  See 42 U.S.C. § 12112(b)(5)(A).

2

The district court held that no reasonable jury could conclude that McDowell was disabled within the meaning of the ADA.[1] Although we agree with the substantive conclusion reached by the district court, we need not address its merits, as McDowell has abandoned the issue on appeal.

Where a claim is not briefed on appeal, it is abandoned. See Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999). In this case, the crux of McDowell's case is her contention that the district court erred in concluding that hers was not an impairment that "substantially limits one or more ... major life activities". In her brief, McDowell recites this standard and summarily states that she has "satisfied that burden". This single, wholly conclusory sentence is not an "argument" within the meaning of FED. R. APP. P. 28(a)(9). As such, McDowell has abandoned her discrimination and reasonable accommodation claims, both of which require a showing that she is disabled under the terms of the ADA.

We turn, then, to McDowell's retaliation claim. To prevail on a claim of retaliation, a plaintiff must show that (1) she engaged in an activity protected under the ADA; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. See 42 U.S.C. §

---

[1] The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment". 42 U.S.C. § 12102(2).

12203(a).  The district court held that McDowell's complaint to Home Depot's Workplace Alert hotline was protected under the ADA and that her subsequent demotion was an "adverse employment action".  The court nonetheless dismissed the claim, holding that McDowell failed to proffer any evidence of a causal link between the protected activities and her subsequent demotion.

McDowell contends that the close proximity of her call to Workplace Alert on August 17 and her demotion on August 18 is sufficient evidence of causation to survive summary judgment.  This court, however, has rejected temporal proximity, without more, as a basis for showing causation in retaliation cases.  See Swanson v. General Services Admin., 110 F.3d 1180, 1188 (5th Cir. 1997).  As such, the district court did not err in granting Home Depot's motion for summary judgment as to McDowell's retaliation claim.

II

For the foregoing reasons, the decision of the district court is

AFFIRMED.

4