NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3392

ERIC J. CASSIE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

DECIDED: April 12, 2005

Before SCHALL, LINN, and PROST, Circuit Judges.

PER CURIAM.

DECISION

Eric J. Cassie petitions for review of the final decision of the Merit Systems Protection Board ("Board") sustaining the July 31, 2002 action of the United States Postal Service ("agency") removing him from his position as a Part-time Sales and Service Associate for failure to be in regular attendance and for failure to follow proper leave procedures. Cassie v. United States Postal Serv., No. BN-0752-03-0102-I-1

(M.S.P.B. July 25, 2003) ("Initial Decision"); Cassie v. United States Postal Serv., No. BN-0752-03-0102-I-1 (M.S.P.B. July 12, 2004) ("Final Decision"). We affirm.

DISCUSSION

I.

At the time of his removal, Mr. Cassie had been employed with the agency since 1986. In March of 2000, Mr. Cassie successfully "bid" on a position at the Charles Street Postal Station in Boston, Massachusetts. Initial Decision, at 5. However, he did not subsequently report for duty for the position. The agency did not take action against Mr. Cassie for failure to report because he had a pending application for disability retirement.

In June of 2001, the Office of Personnel Management declined to reconsider its denial of Mr. Cassie's disability retirement application. Subsequently, the agency notified Mr. Cassie that he must return to work. Mr. Cassie responded with medical documentation covering the period from December 2, 2000, through August 9, 2001. Id. at 6. Thereafter, from August of 2001 until the notice of proposed removal in July of 2002, Mr. Cassie made no attempt to report to work, nor did he request accommodation for his alleged disability.

On November 26, 2001, Mr. Cassie was notified that he was in leave without pay status and that he should contact his supervisor. A warning was issued when he failed to respond to the notice. On January 24, 2002, Mr. Cassie was told to attend a pre-disciplinary hearing concerning his attendance, but he failed to respond. Consequently, he was issued a 7-day suspension. Subsequently, on April 1, 2002, Mr. Cassie was

suspended for 14 days after he failed to respond to a third notice for a pre-disciplinary hearing.

On June 7, 2002, the agency proposed to remove Mr. Cassie based upon two charges: (i) failure to be in regular attendance, and (ii) failure to follow proper leave procedures. The notice also stated that Mr. Cassie was in unauthorized leave without pay status for approximately two weeks in April of 2002, and in absent without official leave ("AWOL") status from March 9 to June 5, 2002.  Mr. Cassie responded to the notice of proposed removal, offering certain documentation. Based on this documentation, the deciding official disregarded the specification of AWOL status, but sustained the two charges and removed Mr. Cassie.

Mr. Cassie appealed to the Board.  In an initial decision, the administrative judge ("AJ") to whom the case was assigned sustained the charges of failure to be in regular attendance and failure to follow proper leave procedures.  See Initial Decision, at 13,15. The AJ's initial decision became the final decision of the Board on July 12, 2004, after the Board denied Mr. Cassie's petition for review.  See Final Decision.  This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.  5 U.S.C. § 7703(c); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Mr. Cassie argues that the Board erred because it purportedly did not consider his supervisor's admissions that she did not understand "leave status" concerning veterans. Mr. Cassie apparently is referring to the statement in the Initial Decision that "[Ms.] Fortini conceded that she did not explain leave regulations or [Postal Service Form] 3971 use to the appellant." Initial Decision, at 12. However the Initial Decision also notes Ms. Fortini's testimony that "the appellant's record showed that he had requested leave and advance leave in the past." Id. We do not think Ms. Fortini's failure to explain a standard leave form to Mr. Cassie, who already knew how to request leave, had any bearing on his conduct.

Mr. Cassie also argues that the Board did not consider the determination of the Department of Veterans Affairs as to his disability. The Board noted that Executive Order 5396, incorporated into Section 513.32 of the Postal Service Employee and Labor Relations Manual, provides that leave shall be granted to disabled veterans. Initial Decision, at 3 n.3. Importantly, however, "[t]he granting of such leave is contingent upon the veteran's giving prior notice of definite days and hours of absence required for medical treatment in order that arrangements may be made for carrying on the work during his absence." Id. In short, Mr. Cassie was not relieved of the responsibility to notify the agency prior to missing work. In that regard, the Board had before it substantial testimonial evidence that Mr. Cassie failed to notify the agency prior to being absent from work.

For the foregoing reasons, the final decision of the Board sustaining Mr. Cassie's removal is affirmed.

No costs.