NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5125

ROYAL EDWARD GLAUDE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Royal Edward Glaude, of Newark, California, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  United States Court of Federal Claims

Senior Judge Eric Bruggink

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5125

ROYAL EDWARD GLAUDE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

———————————————

DECIDED:  September 7, 2007

———————————————

Before MICHEL, Chief Judge, MOORE, Circuit Judge, and COTE, District Judge.[*]

PER CURIAM.

Royal E. Glaude appeals the judgment of the Court of Federal Claims, Glaude v. United States, No. 07-282 (Fed. Cl. May 11, 2007), dismissing Glaude's complaint for lack of jurisdiction.  We affirm.

BACKGROUND

This case stems from Glaude's employment with the United States Postal Service, which ended on January 15, 1979 when he was discharged from service.  On June 26, 2006, Glaude filed an appeal with the Merit Systems Protection Board (the Board), challenging his discharge.  The Board dismissed Glaude's appeal for lack of

---

[*]    Honorable Denise Cote, United Stated District Judge for the Southern District of New York, sitting by designation.

jurisdiction. Glaude v. U.S. Postal Serv., No. SF-0752-06-0720-I-1, 2006 WL 3078088 (M.S.P.B. Oct. 2, 2006). Glaude thereafter filed a petition for review, which the Board denied, making the dismissal of his appeal final. See Glaude v. U.S. Postal Serv., No. SF-0752-06-0720-I-1 (M.S.P.B. Jan. 31, 2007).

Following a failed attempt to bring an action against the Board in federal district court, Glaude filed the present suit in the Court of Federal Claims on May 4, 2007. The Court of Federal Claims raised the issue of lack of jurisdiction sua sponte. The court characterized Glaude's claims as alleging conspiracy by the United States Postal Service and the Board. Glaude, slip. op. at 4. The court also noted that Glaude sought reinstatement of his job and back pay in the amount of three million dollars. Id. at 3. The court held that it did not have jurisdiction over the conspiracy claims, as they sound in tort, nor over the civilian discharge claims. Id. at 4-5. The court further reasoned that even if it could find an issue raised by Glaude that arguably fell within the court's jurisdiction, the claim would be time barred as beyond the six-year statute of limitations for seeking damages against the United States. Id. at 5 (citing 28 U.S.C. § 2501). Thus, the court dismissed Glaude's complaint.

Glaude argues on appeal that the Court of Federal Claims erred in holding that it did not have jurisdiction over his claims. In particular, Glaude argues that the court failed to consider whether the court has jurisdiction over his claim in light of the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002, Public Law 107-174, 116 Stat. 556 (2002) (the No FEAR Act).

ANALYSIS

We review de novo a dismissal by the Court of Federal Claims for lack of subject matter jurisdiction. <u>Wilson v. United States</u>, 405 F.3d 1002, 1008 (Fed. Cir. 2005). Jurisdiction in the Court of Federal Claims is primarily based on the Tucker Act, which provides the court with jurisdiction to hear cases "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself, however, "does not create any substantive right enforceable against the United States for money damages." <u>United States v. Testan</u>, 424 U.S. 392, 398 (1976). Thus, in order to establish jurisdiction, Glaude must rely on some other money-mandating right created by statute, regulation, or Constitutional provision.

Glaude's reliance on the No FEAR Act is unavailing. That Act does not create a substantive right for which the government must pay damages, but rather, it requires that federal agencies repay any discrimination or whistleblower damage awards out of agency funds rather than the General Fund of the Treasury. <u>See</u> Pub. Law 107-174, Sec. 201. Thus, the No FEAR Act is not a money mandating statute, and it does not provide the Court of Federal Claims with jurisdiction over Glaude's claims.

We also conclude that the Court of Federal Claims correctly determined that it lacked jurisdiction with respect to the other issues raised by Glaude's complaint. Most of Glaude's allegations are directed to the Board and its relevant members acting in a "manner to accomplish a common and unlawful plan in aiding [the U.S. Post Master General] in clear disregard of their obligations." <u>Glaude</u>, slip. op. at 4 (citing Glaude's complaint). These claims appear to allege a conspiracy to defraud and discriminate

against Glaude. However characterized, these conspiracy-based claims do not allege breach of a contract or violation of a money-mandating constitutional provision, statute, or regulation, and therefore, they do not fall within the jurisdiction of the Court of Federal Claims. <u>See</u> 28 U.S.C. § 1491(a). To the extent that Glaude was seeking relief, including back pay, from a discharge that occurred over twenty-seven years ago, the court also properly dismissed these claims as being time-barred. <u>See</u> <u>Martinez v. United States</u>, 333 F.3d 1295, 1310 (Fed. Cir. 2003) (holding the six-year statute of limitations under 28 U.S.C. § 2501 begins to run on claims arising from discharge as of the date of discharge).

For the foregoing reasons, the judgment of the Court of Federal Claims is affirmed.

COSTS

Each party shall bear its own costs.