# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2023

Lyle W. Cayce
Clerk

No. 22-60383

CLARA DENOIS FRAZIER-BARNES,

*Plaintiff—Appellant*,

*versus*

DENIS MCDONOUGH, *Secretary, U.S. Department of Veteran Affairs*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-158

_____

Before RICHMAN, *Chief Judge*, and STEWART and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Clara Denois Frazier-Barnes ("Frazier-Barnes"), proceeding *pro se*, appeals the district court's grant of the Department of Veterans Affairs' ("VA") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and motion for summary judgment under Rule 56. For the following reasons, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60383

## I.

Frazier-Barnes is an African American woman born in 1959. Frazier-Barnes began working as a Nurse Coordinator at the G.V. (Sonny) Montgomery Veterans Affairs Medical Center in Jackson, Mississippi in July 2017. She was hired as a Nurse II, Step 7 salary, and was subject to a two-year probationary period. Frazier-Barnes' direct supervisor was Nurse Manager Peggy King, an African American woman born in 1955 and classified as a Nurse III salary.

In the first few months of Frazier-Barnes' employment, King identified issues with Frazier-Barnes' performance and extended her "orientation phase" to give her additional time to complete the orientation. During the next few months, Frazier-Barnes had interactions with three other Nurse Managers in the presence of King. According to Frazier-Barnes, the interactions involved "threatening language" and "aggressive behavior" by the other Nurse Managers, without any intervention by King.

In November 2017, Frazier-Barnes developed migraines and multiple orthopedic ankle and foot conditions. According to the VA, Frazier-Barnes requested "sick leave" on December 4, 2017, and then was absent from work without medical documentation from December 4, 2017, to March 29, 2018. Frazier-Barnes claims that she was injured at work on or about December 1, 2017, because of excessive walking, and that she started "disabled veteran leave" on December 4, 2017, but she does not cite to any evidence in the record that supports these assertions. While Frazier-Barnes' appellate brief states that she requested "45-days continuation of pay" on December 12 and a reasonable accommodation on either December 12 or 13, she likewise does not cite to evidence in the record.

At some point, Frazier-Barnes made a formal request for an accommodation, asking to be re-assigned to a sedentary clerical job and put

on a limited work schedule. King denied this request on January 26, 2018. As reasons for the denial, King wrote that the requested accommodation "would not be effective" given that the responsibilities of the Nurse Coordinator position required walking and standing. King instead offered to have Frazier-Barnes make rounds on specific units, but Frazier-Barnes did not agree to that accommodation. In February, August, and September of 2018, Frazier-Barnes had numerous requests for leave denied due to lack of documentation.

On March 29, 2018, King requested a Nurse Professional Standards Board ("NPSB") summary review of Frazier-Barnes' performance. King's request for a board review cited Frazier-Barnes' issues during orientation, her delinquencies in completing mandatory training, and her failure to provide "appropriate medical documentation for her absence from December 4, 2017 to March 29, 2018." King also prepared a proficiency report that marked Frazier-Barnes as "unsatisfactory" or "low satisfactory" in different performance categories and recounted various issues. Frazier-Barnes was notified of the NPSB review and her right to respond. She did not appear at the hearing but submitted a response in writing. On July 16, 2018, the NPSB sustained most of the charges against Frazier-Barnes and recommended her termination. Based on the NPSB recommendation, Medical Center Director Dr. David Walker terminated Frazier-Barnes' employment effective September 7, 2018.

Frazier-Barnes contacted an Equal Employment Opportunity ("EEO") counselor with the VA's Office of Resolution Management ("ORM") on September 24, 2018, alleging that she was terminated, discriminated against in compensation, denied a reasonable accommodation, had her leave requests denied, and was subject to a hostile work environment because of her disability and as retaliation for her prior EEO activity. Frazier-Barnes had filed at least two prior formal EEO complaints—one in November

2015, when she had a different job at the VA, and a second in May 2018—that had both been dismissed as untimely.

Frazier-Barnes filed her third formal EEO complaint—which forms the basis of this lawsuit—on November 13, 2018. The EEO complaint included the same claims she had presented to the EEO counselor and added the claim that she had also been subject to a hostile work environment because of her race and age. After administrative proceedings, a final order was issued in the VA's favor on November 18, 2020. In the interim, Frazier-Barnes filed this lawsuit in March 2020 and amended her complaint in March 2021. The district court granted the VA's motion to dismiss and motion for summary judgment in June 2022, and Frazier-Barnes appealed.

## II.

"We review a district court's grant of a motion to dismiss based on failure to state a claim de novo, accepting all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir.2012)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

"This court reviews de novo a district court's grant of summary judgment, applying the same standard as the district court." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (citation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin*, 864 F.3d at 328 (internal quotation marks and citation omitted).  "All evidence is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn in that party's favor." *Id.* at 328–29 (citation omitted).

However, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c).  A party opposing summary judgment "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  "[C]onclusory allegations" and "unsubstantiated assertions" will not suffice. *Id.* (citations omitted).  "We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.*

## III.

On appeal, Frazier-Barnes challenges the district court's resolution of seven of her claims.[1]  We consider each in turn.

_____

[1] "Where a claim is not briefed on appeal, it is abandoned." *McDowell v. Home Depot USA, Inc.*, 126 F. App'x 168, 170 (5th Cir. 2005) (citing *Gomez v. Chandler*, 163 F.3d 921, 921 (5th Cir. 1999)).  Frazier-Barnes' brief does not address the Whistleblower Protection Act, Prohibited Personnel Practices, and Title VII race discrimination claims that she raised in the district court.  Thus, those claims are abandoned.

No. 22-60383

**A.**

Frazier-Barnes first asserts that she was entitled to medical leave as a disabled veteran pursuant to Executive Order ("EO") No. 5396 (July 17, 1930).[2] The district court dismissed this claim under Rule 12(b)(6). On de novo review, we AFFIRM. EO 5396, signed in 1930 by President Herbert Hoover, states:

> With respect to medical treatment of disabled veterans who are employed in the executive civil service of the United States, it is hereby ordered that, upon the presentation of an official statement from duly constituted medical authority that medical treatment is required, such annual or sick leave as may be permitted by law and such leave without pay as may be necessary shall be granted by the proper supervisory officer to a disabled veteran in order that the veteran may receive such treatment, all without penalty in his efficiency rating. The granting of such leave is contingent upon the veteran's giving prior notice of definite days and hours of absence required for medical treatment in order that arrangements may be made for carrying on the work during his absence.

Executive Order 5396 (July 17, 1930).

While there is no Fifth Circuit caselaw applying EO 5396, other circuits have noted that the order by its own terms makes the granting of leave "contingent upon the veteran's giving prior notice of definite days and hours of absence required for medical treatment." *Cassie v. U.S. Postal Serv.*, 129 F. App'x 620, 622 (Fed. Cir. 2005); *see also Bankston v. Henderson*, 213 F.3d 630 (4th Cir. 2000) (unpublished) (explaining that EO 5396 does not apply

---

[2] Frazier-Barnes also asserts that her claim arises under "the Back Pay Act, 5 U.S.C. § 5596," and claims that she was constructively suspended. She did not make these arguments in the district court, however, and this court will not consider claims raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000).

unless the employee "follow[s] the proper procedures for requesting leave to obtain medical care"). The order also requires "the presentation of an official statement from duly constituted medical authority that medical treatment is required." Frazier-Barnes did not include any allegations in her amended complaint showing that she complied with EO 5396 in either respect, nor does she cite to evidence in the record that shows a genuine dispute of material fact on this issue. While she asserts in her brief that she gave prior notice and that King confirmed receipt by email, her citations to unspecified exhibits do not support her assertion. *See Little*, 37 F.3d at 1075 (explaining that "conclusory allegations" and "unsubstantiated assertions" do not satisfy nonmovant's summary judgment burden).

## B.

Next, Frazier-Barnes asserts that the district court erred in dismissing her Fair Pay Act claim under Rule 12(b)(6).[3] On de novo review, we AFFIRM. First, Frazier-Barnes' claims of compensation discrimination occurring from March 2014 to September 2015 were already dismissed as untimely in a prior EEOC decision. Second, as for her timely claims, Frazier-Barnes has not alleged that any compensation differences occurring from July 2017 to May 2018 were because of unlawful discrimination. While Frazier-Barnes alleged that she was paid less than other employees performing similar work, she did not allege that any compensation differences were due to her "race, color, religion, sex, or national origin," as required to state a Title VII claim. *See* 42 U.S.C. § 2000e-2(a)(1).

---

[3] For the first time on appeal, Frazier-Barnes also asserts that she has a claim under the Equal Pay Act and Paycheck Fairness Act. Again, these arguments will not be considered. *See Stewart Glass & Mirror, Inc.*, 200 F.3d at 316–17.

## C.

Next, Frazier-Barnes brought a claim for Title VII retaliation. The district court granted summary judgment to the VA on this claim. We AFFIRM. "To establish a *prima facie* case of retaliation, [Frazier-Barnes] must show that: (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action." *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008). If she establishes a *prima facie* case, "the burden then shifts to the employer to articulate a legitimate . . . non-retaliatory reason for its employment action. If the employer meets this burden of production, [Frazier-Barnes] then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason." *Id.* (cleaned up).

While there is no dispute that Frazier-Barnes engaged in protected activity and was later terminated, the district court ruled that she had failed to show a *prima facie* causal connection between the two events. Frazier-Barnes contends that the "temporal proximity" between her second EEO complaint and her termination is enough to infer a causal connection. Our precedents hold that "temporal proximity" is "sometimes enough to establish causation at the *prima facie* stage" so long as the protected activity and the adverse action are "very close in time." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 527 (5th Cir. 2022) (quoting *Porter v. Houma Terrebonne Hous. Auth. Bd. Of Comm'rs*, 810 F.3d 940, 948–49 (5th Cir. 2015)) (cleaned up). We have held "that a six-and-a-half-week timeframe is sufficiently close, but that a five month lapse is not close enough, without other evidence of retaliation, to establish the 'causal connection' element." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020) (citations omitted). Here, Frazier-Barnes submitted "report of contact" forms detailing her conflicts with King and other Nurse Managers in December 2017, contacted an EEO

counselor in January 2018, filed her second EEO complaint in May, and was fired in September. The process that began her termination, however, began in late March 2018 with King's request for an NPSB review, followed by the NPSB report in July recommending termination. Thus, there is some temporal proximity between Frazier-Barnes' protected activities and the process leading to her termination.

More importantly, however, even assuming that Frazier-Barnes established a *prima facie* case, her claim would ultimately fail at the subsequent pretext stage because our cases hold that temporal proximity evidence alone is insufficient to show that the employer's given reason was pretextual and that the plaintiff was actually terminated for a retaliatory reason. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (summarizing circuit precedent and discussing additional types of pretext evidence, including employee's length of employment and disciplinary record—or lack thereof—prior to engaging in protected activity; whether employer's non-retaliatory reason for termination was substantiated; and whether employer commented disparagingly on employee's protected activity); *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 656 (5th Cir. 2004) ("Without more than timing allegations . . . summary judgment in favor of [the employer] was proper.").

## D.

Next, we AFFIRM the district court's grant of summary judgment to the VA on Frazier-Barnes' age discrimination claim because she has not shown a *prima facie* causal connection between her age and her termination. The Age Discrimination in Employment Act ("ADEA") applies to workers who are at least 40 years old. 29 U.S.C. § 631. To establish a *prima facie* case of age discrimination, Frazier-Barnes must show: (1) she is within the protected class; (2) is qualified for the position; (3) suffered an adverse

employment decision; and (4) was replaced by someone younger or treated less favorably than similarly situated younger employees. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). There is no dispute that Frazier-Barnes is at least 40 years old and was terminated from her position. The VA maintains that she was not "qualified." Assuming Frazier-Barnes was qualified, however, her claim still fails because she has put forth no evidence that she was replaced with someone younger or otherwise discharged because of her age. *See Little*, 37 F.3d at 1075. Frazier-Barnes also argues that she applied for a "Utilization Review RN" position and that someone younger was hired instead. But, again, she points to no evidence that she was qualified for the position or that someone younger was hired instead of her, and "unsubstantial assertions" are not sufficient to carry her summary-judgment burden. *Id.*

### E.

Frazier-Barnes next brought a claim of a hostile work environment due to disability. "[T]o succeed on a claim of disability-based harassment, the plaintiff must prove: (1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment complained of was based on her disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action." *Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 506 (5th Cir. 2002) (quoting *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001)).

Frazier-Barnes asserts that she was harassed and retaliated against when King denied her requests for leave and accommodation and when she was threatened and harassed by other Nurse Managers. Like with her ADEA claim, however, Frazier-Barnes points to no summary judgment evidence

showing that any harassment was motivated by her disability. Her subjective belief alone does not give rise to an inference of discriminatory intent. *See Lawrence v. Univ. of Texas Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999). Thus, we AFFIRM the district court's grant of summary judgment to the VA on this claim as well.

## F.

Frazier-Barnes brought two claims under the Rehabilitation Act ("RA"), a law similar to the Americans with Disabilities Act ("ADA") but applicable to the federal government. *See Pinkerton v. Spellings*, 529 F.3d 513, 517 (5th Cir. 2008) ("[T]he Rehabilitation Act of 1973 applies to federal government departments and agencies. By contrast, the ADA, enacted in 1990, explicitly excludes the federal government from coverage.") (footnotes omitted); *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (explaining that "[t]he RA and the ADA are judged under the same legal standards"). To prevail on her RA disability discrimination claim, Frazier-Barnes must show that "(1) [s]he is disabled within the meaning of the ADA, (2) [s]he is qualified and able to perform the essential functions of [her] job, and (3) [her] employer fired [her] because of [her] disability." *Kemp*, 610 F.3d at 235. "To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) [s]he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015) (citation omitted).

An individual with a disability is "qualified" if he or she "with or without reasonable accommodations can perform the essential functions of the employment position." *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996) (citing 42 U.S.C. § 12111(8)). The VA does not dispute that Frazier-Barnes is disabled but asserts that she was not qualified to

perform the Nurse Coordinator job, with or without an accommodation. For evidentiary support, the VA cites King's March 2018 proficiency report and various "assignment sheets" documenting deficiencies in Frazier-Barnes' performance. The VA also points to evidence that her requested accommodation of "[a] sit down job doing clerical work" with "[n]o continuous standing or walking" on a limited schedule "would not be effective" for the Nurse Coordinator job because that job is a "supervisory/administrative" position that requires "long periods of continuing walking" and "standing," not a sedentary "clerical" position.

Rather than focusing on whether she was qualified for the Nurse Coordinator job, with or without an accommodation, on appeal Frazier-Barnes appears to claim that the VA violated the Rehabilitation Act by not giving her a different job when it "failed to hire and offer her work that met her requirements." Frazier-Barnes asserts that there were "available positions that she was qualified for at the time of her request" and refers again to the "Utilization Review RN" position. But, as discussed above, Frazier-Barnes points to no summary judgment evidence that she was qualified for the Utilization Review RN position or that a position was available at the time, and "unsubstantial assertions" are not sufficient to defeat summary judgment. *Little*, 37 F.3d at 1075.[4]

Because Frazier-Barnes has failed to point to evidence that she was "qualified" for either position, with or without a reasonable accommodation, we AFFIRM the district court's grant of summary judgment to the VA on her RA claims.

_____

[4] Frazier-Barnes' additional contention that the VA failed to engage in the interactive process likewise lacks evidentiary support—and, in fact, is contradicted by the undisputed summary judgment evidence showing that Frazier-Barnes and King did discuss an accommodation, albeit without reaching an agreement.

No. 22-60383

## G.

Last, Frazier-Barnes asserted various claims under the Notification and Federal Employee Antidiscrimination Act of 2002 ("No FEAR Act"). The Act "requires that federal agencies repay any discrimination or whistleblower damage awards out of agency funds rather than the General Fund of the Treasury." *Glaude v. United States*, 248 F. App'x 175, 177 (Fed. Cir. 2007). "The Act also requires agencies to discipline employees who are responsible management officials in cases in which there has been a finding of discrimination." *Baney v. Mukasey*, No. 3:06-CV-2064, 2008 WL 706917, at *6 (N.D. Tex. Mar. 14, 2008). The district court dismissed these claims because Frazier-Barnes failed to support them with any factual allegations in her amended complaint, and, alternatively, because the No FEAR Act does not provide for a private right of action. We AFFIRM. While our court has not yet addressed the question, the Federal Circuit and numerous district courts have held that the No FEAR Act does not provide a private right of action. *See, e.g. Glaude*, 248 F. App'x at 177; *Baney*, 2008 WL 706917 at *6–7 (collecting cases). But even assuming it did, Frazier-Barnes' No FEAR Act claims fail for the same reason as her other claims, as she has not pleaded sufficient allegations of unlawful discrimination on account of race, gender, disability, age, or as retaliation for engaging in protected activities, nor pointed to summary judgment evidence showing the presence of a genuine dispute of material fact as to any claim.

## IV.

For the forgoing reasons, we AFFIRM the district court's order granting the VA's motion to dismiss and motion for summary judgment.