In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00393-CV**

_____

**MICHAEL JOHNSON AND KENNARD LAW P.C., Appellants**

**V.**

**VALERO SERVICES, INC., Appellee**

**On Appeal from the 58th District Court**
**Jefferson County, Texas**
**Trial Cause No. A-210740**

**MEMORANDUM OPINION**

Michael Johnson appeals a final judgment granting summary judgment for

Valero Services, Inc., and Kennard Law P.C. appeals an order to pay monetary

sanctions for discovery abuse. Johnson filed a suit against Valero for racial and

disability discrimination and a claim of retaliation. Valero filed a No-Evidence and

Traditional Motion for Summary Judgment. The trial court granted the motion and

entered a final judgment in favor of Valero. In addition to challenging the summary

judgment, Johnson appeals the denial of his Motion to Strike evidence submitted by Valero in support of its Motion for Summary Judgment. We affirm in part and reverse and remand in part.

## Background

On November 9, 2022, Johnson filed his Original Petition against Valero pursuant to Chapter 21 of the Texas Labor Code and alleged race discrimination, sex/gender discrimination, hostile work environment, sexual harassment, and retaliation. In the Petition, Johnson stated that he is an African American male and began working for Valero on July 7, 2008. He alleged that on April 13, 2021, he was diagnosed with stress, anxiety, and depression, and prescribed medications. He then took leave under the Family Medical Leave Act ("FMLA") for his medical condition. According to Johnson, while on leave, he was terminated without notice of the alleged violation.

Johnson alleged that the only situation that could have been relevant is when a Caucasian gasoline operator accidentally made a valve misalignment on an active tank, and this mistake was seen via the computer. According to Johnson, Valero gave the same discipline to both him and the gasoline operator three months later, which was unusual and not in compliance with Defendant's policy. Johnson maintained that he made no mistakes and did not violate Valero's policy.

Johnson further alleged that a Caucasian diesel operator also had a valve misalignment while performing his job, and the diesel operator covered up the violation and did not notify Johnson until the end of the shift. Johnson alleged that Valero disciplined the diesel operator by placing him on the Last Chance Program for one year, while Johnson was put on the Last Chance Program for five years, which again was unusual and not in compliance with Defendant's policy.

Johnson alleged that on May 14, 2021, while he was on leave, Valero contacted him twice to conduct a phone investigation about an April 6, 2021, incident, which occurred the day before the April 7, 2021, incident that resulted in Johnson being put on five-year probation.

According to Johnson, he contacted Valero's Human Resources Refinery Director and Complex Manager via email to request documentation for his physician, counsel and psychiatrist that Valero had contacted to conduct an investigation via telephone while he was out on medical leave. He alleged that on June 3, 2021, Valero responded via email and stated that they were unable to contact him after seven failed attempts. Valero requested that Johnson contact the Human Resources office by noon on June 4, 2021; however, Johnson alleged that he did not see the email until the weekend, but he contacted the Human Resources office on June 7, 2021, before 9 a.m. Johnson alleged that he was informed that Jerome Delafosse was in a meeting and would contact him, but Delafosse did not.

3

Johnson alleged that on June 8, 2021, he contacted the Human Resources office again to speak with Delafosse, but Delafosse was again unavailable, and Johnson was told that Delafosse would contact him. That same day, Johnson emailed Valero by responding to the June 3, 2021 email to get information.

According to Johnson, on June 9, 2021, Valero terminated him over the telephone without a legitimate reason. He alleged that Valero discriminated against him and retaliated against him in violation of the Texas Labor Code chapter 21 based on his race, report of a disability, perception of a disability or a disability, and for engaging in a protected activity.

In the Petition, Johnson requested backpay, front pay, compensatory damages, punitive damages, reasonable attorneys' fees, prejudgment interest, post judgment interest, costs of Court, and such other and further relief, at law or in equity to which he may be entitled.

On December 2, 2022, Valero filed Defendant's Original Answer and general denial of Johnson's allegations and pleaded affirmative defenses. In addition to requesting that Johnson take nothing, Valero asked to recover attorneys' fees, costs, and such other and further relief, both at law and in equity, both general and specific to which it may be entitled.

On April 10, 2023, Valero filed Defendant's Motion to Compel Discovery Responses and Deem Objections Waived. In the motion, Valero stated that it served

4

its First Set of Interrogatories and First Set of Requests for Production to Johnson via email on January 12, 2023, in accordance with Texas Rules of Civil Procedure 196.1 and 197.1. Valero stated that Johnson acknowledged receipt of the requests the same day.

According to Valero, the responses were due on February 13, 2023. On February 17, 2023, and March 15, 2023, it contacted Johnson for an update on the status of Johnson's responses. Counsel for Johnson indicated that they were short staffed, and the deadline was improperly calendared, but the responses would be forthcoming. Valero never received Johnson's responses. Included with the Motion to Compel were email communications between counsels for Valero and Johnson regarding the discovery.

On May 25, 2023, Valero filed Defendant's Motion for a Show-Cause Order and Sanctions for Failure to Respond to Discovery as Ordered and stated that on May 9, 2023, a hearing on Valero's Motion to Compel Discovery Responses was held, and Johnson did not appear. At the conclusion of the hearing, the trial judge entered a written order requiring Johnson to fully respond to Valero's discovery requests by May 23, 2023. Johnson failed to respond.

In the Motion, Valero stated that it believed a show-cause order and sanctions were the only remedy that would bring compliance. Valero sought sanctions under Texas Rule of Civil Procedure 215. Valero stated that it incurred at least $5,930 in

reasonable and necessary attorneys' fees in preparing the Motion, the Motion to Compel, attending the hearing on its Motion to Compel and attempting to secure responses from Johnson. Valero requested the Court: (1) order Johnson and his counsel to appear and show cause why Valero should not receive its attorneys' fees for Johnson's failure to comply with the Court's order; (2) order Johnson to pay at least $5,930 in reasonable attorneys' fees incurred by Valero; and (3) issue an order informing Johnson that his continued failure to respond to discovery will result in dismissal of his lawsuit.

Included with the Motion was the Declaration of Heather Sherrod, an attorney representing Valero, wherein she testified that Valero incurred $5,930 in reasonable and necessary attorneys' fees related to Johnson's failure to respond to discovery. The Declaration did not contain Sherrod's hourly rate or specify the hours worked on the discovery issue.

On June 21, 2023, the trial court entered an order that found that discovery sanctions were just under the circumstances and ordered Johnson to pay Valero $5,930 in reasonable and necessary attorneys' fees by July 21, 2023. The trial court further ordered that Johnson submit complete responses to Valero's First Set of Interrogatories and provide all documents responsive to Valero's First Set of Requests for Production by July 7, 2023.

On July 24, 2023, Valero filed Defendant Valero Services, Inc.'s Motion to Dismiss and stated that despite its Motion to Compel, Motion for Sanctions, and the trial court's order granting its attorneys' fees and ordering Johnson to respond to Valero's discovery requests, Johnson has failed to provide the requested discovery or respond to Valero's inquiry regarding the fees or responses. Valero stated that Johnson's claims should be dismissed for failure to comply with the Court's order to Pay Valero's attorneys' fees and for lack of prosecution. In support of its Motion to Dismiss, Valero cited Texas Rules of Civil Procedure 165a and 215.2.

On October 26, 2023, Valero filed Defendant's Second Motion for Sanctions for Failure to Comply with Court Order and stated that while Johnson did comply with the Court's second order requiring he provide discovery responses, Johnson failed to comply with the order regarding Valero's attorneys' fees. According to Valero, on August 8, 2023, the trial court held a hearing on Valero's Motion to Dismiss and again ordered Johnson to pay the sanctions award by September 7, 2023. Valero asserted that Johnson failed to do so.

Valero stated that it incurred additional reasonable and necessary attorneys' fees of at least $1,730 for preparing the Second Motion for Sanctions and attempting to secure compliance with the Court's June 21, 2023 Order. Valero requested that the Court order Johnson to pay at least $1,730 in reasonable attorneys' fees and issue an order stating that Johnson's continued failure to comply with the Court's order

7

will result in dismissal of his lawsuit. Valero's Second Motion for Sanctions referenced another Declaration of its attorney, but the Declaration was not attached to the Motion.

On November 1, 2023, Valero filed Defendant Valero Services, Inc.'s Motion for Summary Judgment on traditional and no-evidence grounds. In the Motion, Valero argued that Johnson's race discrimination claim fails because he has no evidence of racial animus, no evidence that a non-African American employee was treated more favorably, and Johnson cannot establish a prima facie case of race discrimination. Next, Valero stated that Johnson's disability discrimination claim fails because Johnson cannot demonstrate that one episode of an "acute stress reaction" is a disability nor can he establish a prima facie case of disability discrimination. Valero argued that Johnson has no evidence of pretext to support his race or disability discrimination claims. In support of this argument, Valero asserted that (1) it had a legitimate, non-discriminatory reason for terminating him, and (2) there was no evidence of discriminatory animus. Valero also contended that Johnson's Texas Labor Code retaliation claim must fail, as he did not engage in activity protected by the Labor Code, and he cannot establish pretext for his retaliation claim.

Valero further argued that many of the discriminatory acts that Johnson alleges are based on conduct that occurred more than 180 days prior to the date he

8

filed his claim with the Equal Employment Opportunity Commission ("EEOC") on December 6, 2021. Here, Valero argued that based on the date of Johnson's EEOC claim, all acts that occurred before June 9, 2021, are barred. This would result in Johnson's termination being his only non-time-barred claim.

Included as exhibits with the Motion for Summary Judgment were: the Declaration of Jerome Delafosse; Valero's Operating Procedures; Johnson's disciplinary record administered on November 19, 2019; Johnson's disciplinary record administered on September 30, 2020; Valero's Line-up Verification and Monitoring Procedure; Johnson's disciplinary record administered on April 12, 2021; Johnson's Final Warning and Last Chance Agreement dated April 12, 2012; Emails between Steve Cary, Mark Skobel, and Robert Morris in May 2021; a May 20, 2021, email between Jerome Delafosse and Mark Skobel; Johnson's disciplinary record administered on June 9, 2021; Valero's Incident Reporting and Field Investigation Procedure; Johnson's deposition transcript dated October 13, 2023; and Johnson's Attending Physician's Statement dated April 14, 2021.

On November 7, 2023, Johnson filed Plaintiff's Motion to Reconsider, Vacate, or Amend Sanctions and Response to Defendant's Second Motion for Sanctions. In the Motion, Johnson stated that his counsel abruptly resigned, and it was later discovered that cases were mismanaged and neglected but he promptly responded to discovery once the issues were discovered. Johnson stated that he

9

fulfilled his discovery obligations prior to the June 21, 2023, hearing where it was ordered that Johnson pay $5,930, though he did not attend the hearing. Johnson indicated that his counsel attended the hearing on Valero's Motion to Dismiss, which the trial court denied but ordered that he pay the awarded sanctions in thirty days without considering that he complied with his discovery obligations. He argued that the sanctions have caused a financial burden and precluded his access to the Court and his ability to file an appeal. He further argued that there was no direct nexus among the offensive conduct and the sanctions imposed and that the Court failed to consider lesser sanctions or demonstrate that lesser sanctions were considered. Johnson asked the Court to reconsider and vacate the June 21, 2023, Order, or in the alternative, amend the Order. He also contended that "the offensive conduct found by this Court was at no fault of Plaintiff[,]" and asserted that the issues "stemm[ed] from a previous attorneys' [sic] mishap."

On November 16, 2023, the trial court entered an Order that granted Valero's Second Motion for Sanctions and increased the awarded sanction to $7,660 in reasonable and necessary attorneys' fees, which included $1,730 in reasonable and necessary attorneys' fees sought in Valero's Second Motion for Sanctions. The Order stated that Kennard Law, P.C. must pay the sanctions by November 29, 2023.

On November 20, 2023, Johnson filed his Response in Opposition to Defendant Valero Services, Inc.'s Motion for Summary Judgment. In the Response,

10

Johnson argued that Valero's summary judgment evidence must be stricken because Valero failed to authenticate the evidence, and it contained inadmissible hearsay. The evidence Johnson challenged was Valero's Line-up Verification and Monitoring Policy and the Declaration of Jerome Delafosse. Johnson stated that his claims are not barred because his discrimination and retaliation claim are related to his termination while on medical leave. Johnson further indicated that he can demonstrate a prima facie case of discrimination based on his race and disability because he has provided evidence that he has a disability, he was qualified, he was subject to an adverse employment action, that others were treated more favorably because they were either not investigated or not punished for failure to abide by Level 11 operator procedures, and he was replaced with someone who was not disabled or non-African American. Johnson then argued that he could establish a prima facie case of retaliation in violation of the Texas Labor Code and that he was engaged in a protected activity when he gave notice of his disability and disparate treatment. He also asserted that genuine issues of material fact exist regarding whether (1) he suffered an adverse employment action because of his protected activity, and (2) his termination was pretextual since Valero failed to consistently follow its progressive discipline policy, and was also untimely done in this case.

Finally, Johnson argued that though Valero asserted that he did not bring an FMLA claim, Johnson testified at his deposition that he believed he was bringing

claims based on his termination while on FMLA leave and he stated that this lawsuit does so. Johnson contended that he could establish a prima face case for FMLA retaliation because evidence shows that he was engaged in protected conduct, termination during leave undermines any finding that he was discharged due to an investigation, and an adverse decision was made while he was on leave. Johnson requested that the trial court deny Valero's Motion for Summary Judgment in its entirety.

Attached as exhibits to Johnson's Response are: Johnson's deposition transcript dated October 13, 2023; Valero's Line-up Verification and Monitoring Procedure; a Letter dated April 21, 2021, from Valero to Johnson with Attending Physician's Statement documents; and a May 25, 2021, email from Johnson to Johnson.

On November 29, 2023, the trial court entered an Order granting Valero's Motion for Summary Judgment and dismissing Johnson's claims against Valero with prejudice.

This appeal followed.

On appeal, Johnson raises six issues. In four issues, Johnson challenges the dismissal of his claims and argues a reasonable factfinder could find that he established a prima facie case of racial and disability discrimination, and that he demonstrated the elements of his retaliation claim. In his fifth issue, Johnson argues

12

that the trial court erred in denying his Motion to Strike the exhibit pertaining to the SRTF-1008 Line-up Verification and Monitoring procedure that was included with Valero's summary judgment as it was not properly authenticated. Finally, Johnson challenges the $7,660 in sanctions and argues that the evidence shows that the award was arbitrary and unreasonable.

**Issues One through Four: Summary Judgment**

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review we take all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Valero filed a combined traditional and no-evidence summary judgment motion. *See* Tex. R. Civ. P. 166a(c), (i). When a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we first consider the trial court's no-evidence summary judgment. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). If the nonmovant fails to meet its burden under the no-evidence motion, we need not address issues related to the traditional summary judgment motion. *Id.* (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

"We review no-evidence motions under the same legal sufficiency standard as a directed verdict." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018) (citation omitted). "Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims." *Id.* (citation omitted). "A genuine issue of material fact exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *First United Pentecostal Church of Beaumont*, 514 S.W.3d at 220 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "[E]vidence does not create an issue of material fact if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *Id.* (quoting *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)).

Under the Texas Commission of Human Rights Act ("TCHRA"), an employer commits an unlawful employment practice if, because of an employee's race, the employer "discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment…" Tex. Lab. Code Ann. § 21.051(1). A plaintiff may establish discrimination with either direct or circumstantial evidence. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 781–82 (Tex. 2018); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012). If a plaintiff produces direct evidence of discriminatory animus, the burden shifts to the employer to prove

14

it would have taken the same action regardless of discriminatory animus. *See Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 433 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *Jespersen v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 653–54 (Tex. App.—Dallas 2012, no pet.). "Direct evidence of discrimination is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Donaldson*, 495 S.W.3d at 433 (citation omitted); *Jesperson*, 390 S.W.3d at 653 (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)). Where an inference is required for the evidence to be probative of the employer's discriminatory animus in the employment decision, the evidence is circumstantial, not direct. *Jespersen*, 390 S.W.3d at 653–54. If a plaintiff relies on circumstantial evidence to establish their discrimination claim, "we follow the burden-shifting framework the United States Supreme Court established in *McDonnell Douglas Corp. v. Green*[.]" *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020) (discussing same in the context of plea to the jurisdiction) (citing *Alamo Heights,* 544 S.W.3d at 764, 782); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–05 (1973) (discussing burden-shifting framework).

> Under this framework, (1) the plaintiff must first create a presumption of illegal discrimination by establishing a prima facie case, (2) the defendant must then rebut that presumption by establishing a legitimate, nondiscriminatory reason for the employment action, and

15

(3) the plaintiff must then overcome the rebuttal evidence by establishing that the defendant's stated reason is a mere pretext.

*Id.* (citing *Alamo Heights*, 544 S.W.3d at 782).

To prove a prima facie case of race discrimination, a plaintiff must show that he was: "(1) a member of a protected class; (2) qualified for his position; (3) subject to an adverse employment action; and (4) treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class." *Harris Cnty. Hosp. Dist. v. Parker*, 484 S.W.3d 182, 196 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001)). "Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct." *Yselta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (per curiam) (footnotes omitted).

In his brief, Johnson argues that he is African American with a disability, was qualified for his position as evidenced by his seniority, that Valero terminated him, and that Valero treated M.S. and other non-African American and non-disabled Head Operators more favorably and replaced Johnson with an individual without a disability and non-African American. According to Johnson, Valero used an outdated policy, SRTF-1008, against him as the reason for his termination.

16

In its summary judgment and on appeal, Valero argues that Johnson failed to establish the fourth element, that he was treated less favorably than similarly situated employees because he cannot demonstrate that he was replaced with someone outside of his protected class or that Valero gave preferential treatment to any similarly situated employee outside his protected class. According to Valero, Johnson failed to identify any other employee or Head Operator that was similarly situated and not terminated, specifically, an employee that failed to report a safety incident during his shift due to failure to follow written procedures and has only made conclusory allegations. Valero argues that Johnson provided no evidence of the race, disability status, work violation history, supervisor, or other information to show that any employee was similarly situated. Finally, Valero stated that M.S. is also African American.

We agree. While Johnson made statements that M.S. and other non-African American and non-disabled Head Operators were treated more favorably, and that he was replaced with an individual without a disability and non-African American, those statements are conclusory and fail to detail the protected class, work violation history, employment role, or the favorable treatment of the similarly situated employee that he alleges Valero gave preferential treatment. *See, e.g., Michael v. City of Dallas*, 314 S.W.3d 687, 692 (Tex. App.—Dallas 2010, no pet.) (explaining that a plaintiff cannot establish prima facie case of employment discrimination

17

through conclusory allegations, subjective beliefs and feelings) (citing *Greathouse v. Alvin Indep. Sch. Dist.*, 17 S.W.3d 419, 425 (Tex. App.—Houston [1st Dist.] 2000, no pet.)). Johnson failed to provide any specific details or examples of Valero employees who were similarly situated but not a member of a protected class and received favorable treatment as opposed to the treatment he received. Nor does Johnson direct this Court to any evidence to show he was similarly situated with the unnamed employees that Valero failed to terminate that raises the inference that he was terminated because of his race. We conclude Johnson has failed to establish this element of his prima facie case.

We overrule issue one.

Next, Johnson argues that he provided summary judgment evidence of his prima facie case in his disability discrimination cause of action. To establish a prima face disability-discrimination claim, Johnson must show: (1) he has a disability; (2) he was qualified for his job; and (3) he suffered an adverse employment decision — here, that Valero terminated him — because of his disability. *See Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 61 (Tex. 2021); *El Paso Cnty. Water Improvement Dist. No. 1 v. Trevizo*, 697 S.W.3d 259, 272 (Tex. App.—El Paso 2023, no pet.).

On appeal, Johnson argues that he has provided evidence that he has a disability, acute stress disorder and anxiety. Johnson further argues that Valero asserted that Johnson had no evidence of a causal connection between the adverse

employment action and his race and disability, and that Valero did not contend that Johnson could not satisfy any other element of his prima facie case.

In its summary judgment and on appeal, Valero argues that Johnson failed to establish the first element, that he suffered from a disability. According to Valero, Johnson provided no evidence of a disability within the meaning of the ADA and Texas Labor Code and only claimed to experience a period of stress after receiving a Final Written Warning in April 2021.

The Texas Labor Code defines disability as "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such impairment, or being regarded as having such an impairment[.]" Tex. Lab. Code Ann. § 21.002(6). Disability includes "an impairment that is episodic or in remission that substantially limits a major life activity when active." *Id.* § 21.0021(a)(2). "'Major life activity' includes but is not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 21.002(11-a). The TCHRA instructs that we construe "disability" "in favor of broad coverage[.]" *Id.* § 21.0021(a)(1). It is an unlawful employment practice if an employer "because of…disability…discharges an individual, or discriminates in any other manner against an individual in

19

connection with compensation or the terms, conditions, or privileges of employment[.]" *Id.* § 21.051(1).

Johnson alleges that his acute stress disorder and anxiety are disabilities; however, Johnson did not allege any facts in his brief or summary judgment response, or provide any evidence indicating how these conditions substantially limited at least one major life activity or showing that Valero perceived those conditions as substantially limiting any of his major life activities. *See id.* § 21.002(6), (11-a). Johnson points to documents from his physician that he prepared for his disability claim submitted to Valero, but these documents do not indicate how Johnson's symptoms limited a major life activity.

Therefore, on this record, we conclude that Johnson has not established the necessary element of disability or being regarded as having a disability. We hold that Johnson has not established a prima facie case for his disability discrimination claim. Since Johnson failed to establish a prima facie case of discrimination, we need not address his argument that Valero's stated reason for his termination was a pretext for discrimination. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 477 (Tex. 2001) (explaining that once a plaintiff has established a prima facie case of discrimination, the employer must offer an ostensibly legitimate reason for its action to show a non-discriminatory basis for its decision, and the burden shifts back to the

employee to show that the employer's stated reason was a pretext for discrimination).

We overrule issue two.

Next, Johnson argues the trial court erred in dismissing his retaliation claim under TCHRA and FMLA because he provided summary judgment evidence of a prima facie case and that Valero's reason for termination was pretextual. To establish a prima facie case of retaliation, an employee must show (1) he engaged in an activity protected by the TCHRA, (2) he experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action and that the adverse action would not have occurred "but for" the protected activity. *See Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 782. If the employee can establish a prima facie case, a rebuttable presumption of illegal intent arises. *See id.* The employer can defeat this presumption by producing evidence of a legitimate, nondiscriminatory reason for the termination. *Id.* "Once rebutted, the presumption disappears, and an employee lacking direct evidence cannot prove a statutory violation without evidence that the employer's stated reason is false and a pretext for discrimination." *Id.* "[T]he burden of persuasion remains at all times with the employee." *Id.* (citations omitted). Retaliation claims are subject to the "but for" causation standard; therefore, even when a plaintiff shows discrimination or retaliation was a "motivating fact" for the employer's action, a

21

plaintiff cannot defeat the employer's motion for summary judgment without challenging the employer's nonretaliatory reason for the employment action. *See Ptomey v. Tex. Tech Univ.*, 277 S.W.3d 487, 497 & n.11 (Tex. App.—Amarillo 2009, pet. denied) (discussing the causation requirement for a retaliation claim and explaining that a plaintiff in a retaliation claim must satisfy the "but for" causation standard).

Here, Johnson argues that he engaged in a protected activity when he gave notice of his disability on April 14, 2021, and when he complained to Delafosse and Bob Morris that he was being investigated while on leave, after his mental health diagnosis, and that he was being disparately treated. Johnson contends that he was terminated after he engaged in the protected activity on May 25, 2021, and his termination is direct evidence of adverse employment action. He asserts that only fifteen days elapsed between his protected complaint and his termination, and the close temporal proximity of both events satisfies his burden of causation.

Even assuming Johnson raised a fact issue on each element of a prima facie case for retaliation, that presumption was rebutted since Valero met its burden to articulate a legitimate nondiscriminatory reason for Johnson's termination. *See Quantum Chem. Corp.*, 47 S.W.3d at 477; *see also Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 790. Valero's summary judgment evidence indicated that Johnson was terminated after failing to report safety incidents, including in September 2020

22

and on April 6 and 7, 2021, that resulted in a product quality incident and lost product. The evidence included the Declaration of Jerome Delafosse, Director of Refinery Human Resources, that detailed Johnson's role, the incidents, the reprimand, and ultimately, Johnson's termination. Other evidence provided were the Operating Procedures that included the roles and responsibilities of each position, Johnson's disciplinary record, and the Last Chance Agreement between the Union, Johnson and Valero. It was then Johnson's "burden to raise a fact issue that this explanation is a pretext" and that he "would not have been terminated but for" his disability, "has therefore, been activated." *Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 790. Once Valero produced evidence of its nondiscriminatory reason for Johnson's termination, any presumption of discrimination raised by Johnson's prima facie case disappeared, and the burden shifted back to Johnson to overcome Valero's rebuttal evidence by establishing its stated reason is false and pretext for discrimination. *See Flores*, 612 S.W.3d at 305; *Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 782. "A plaintiff may meet this burden by presenting evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 527 (5th Cir. 2022) (citation and internal quotations omitted).

In his summary judgment response and on appeal, Johnson argues that there are inconsistencies in how Valero investigated or punished other similarly situated,

non-African American, non-disabled Head Operators for the same or similar conduct and that Valero's inconsistency created doubts as to the real reason for Johnson's termination. However, other than his conclusory statements, Johnson failed to provide any evidence of any alleged inconsistent treatment, details of a specific incident, or the identity of the Head Operators that he alleged Valero treated more favorably than him.

Therefore, assuming without deciding that Johnson established his prima facie retaliation claim, we conclude that Valero rebutted any presumption of retaliation by producing evidence of a legitimate, nondiscriminatory reason for terminating Johnson and when the burden shifted back to Johnson, he failed to establish that Valero's proffered reason was pretextual and his disability was the "but-for" cause of his termination. *See Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 782.

We overrule Johnson's third issue.

Johnson further argued that his FMLA retaliation claim was improperly dismissed; however, a review of Johnson's petition indicates that he pleaded Valero retaliated against him in violation of Chapter 21 of the Texas Labor Code but failed to plead he was retaliated against due to his FMLA leave. Therefore, we need not address his FMLA retaliation argument.

We overrule Johnson's fourth issue.

**Issue Five: Motion to Strike**

Johnson argues that the trial court improperly denied his Motion to Strike Valero's summary judgment evidence, specifically the SRTF-1008 Line-up Verification and Monitoring procedures and excerpts in Delafosse's Declaration that reference the SRTF-1008 procedure. According to Johnson, the exhibit of the SRTF-1008 procedure that Valero alleges that he did not abide by contains conflicting revision dates. Johnson asserts that the SRTF-1008 procedure was revised in September 2020, and he produced a copy of the procedure with his summary judgment response. He argues the SRTF-1008 that Valero produced is not the original, should be stricken from the summary judgment record, and that the revised procedure and Delafosse's conclusory statements prove that a different procedure was in place at the time he was disciplined.

In response, Valero argues that Johnson's complaint amounts to the date at the bottom left corner of the document that is inconsistent on the first and second page of the SRTF-1008 procedure. Additionally, included with its summary judgment reply was the Supplemental Declaration of Jerome Delafosse that stated he is a custodian of records for Valero and familiar with its policies and procedures including the SRTF-1008. Delafosse testified that the SRTF-1008 policy attached to Valero's Motion for Summary Judgment is the exact duplicate of the original policy in place when Johnson received a written warning for failing to comply in September

25

2020. According to Delafosse, he reviewed the policy and the date at the bottom is a typo and should read "1/15." Valero further argued that during his deposition, Johnson testified that the SRTF-1008 policy that was attached to Valero's Motion for Summary Judgment was identical to the policy that was provided to him during the meeting to discuss the disciplinary action and was the same policy that Johnson produced in discovery.

We review the trial court's ruling on a motion to strike summary judgment evidence for an abuse of discretion. *See Garner v. Fid. Bank, N.A.*, 244 S.W.3d 855, 859 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The admission and exclusion of evidence is committed to the trial court's sound discretion. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that the error was calculated to cause, and probably did cause, the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1); *Alvarado,* 897 S.W.2d at 753.

Though Johnson asserts that Valero's policy produced with its Motion for Summary Judgment is outdated, Delafosse testified that the date on the policy was an error, and that the policy produced was the policy in place when Johnson received

26

a written warning for failing to comply with the policy in September 2020. At his deposition, Johnson testified that he received a copy of the policy produced by Valero while he worked at Valero in 2020. So, though it appears, and Johnson testified, that the policy was revised September 2020, both Delafosse and Johnson testified that the policy with the date error was the policy in effect at the time Johnson received the written warning in September 2020.

Next, Johnson argues that the SRTF-1008 policy was not properly authenticated and therefore contained conclusory statements based on its suspicion of the policies authenticity; however, Valero produced a supplemental declaration for Delafosse that indicated he is a custodian of records for Valero and familiar with how Valero maintains its employment policies, procedures, and personnel documents. Therefore, Valero cured any deficiencies as to the authenticity of the SRTF-1008 policy. *See* Tex. R. Civ. P. 166a(f) (permitting affidavits to be supplemented and explaining that defects in affidavits or attachments will be grounds for reversal if after being put on notice, the party refuses to amend).

We overrule issue five.

**Issue Six: Sanctions**

Next, Kennard challenges the trial court's award of sanctions.

Discovery, in litigation, is "to allow the litigants to obtain the fullest knowledge of facts and issues prior to trial." *Chapa v. Garcia*, 848 S.W.2d 667, 668

27

(Tex. 1992) (orig. proceeding) (quoting *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990)). Rule 215.3 authorizes trial courts to impose appropriate sanctions upon those who abuse the discovery process. *See* Tex. R. Civ. P. 215.3. The primary function of Rule 215 is to secure compliance with discovery rules, to deter other litigants from similar conduct, and to punish those who violate such rules. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). The sanction imposed by a trial court for discovery abuse must be just. *Id.* In determining if a sanction is just and if the trial court abused its discretion, we must consider whether there is a direct relationship between the offensive conduct and the sanction imposed. *Id.* Additionally, the sanction must not be excessive. *Id.*

On appeal, Kennard argues that the trial court's award of sanctions totaling $7,660 is excessive, because Valero only provided a conclusory declaration of its attorneys' fees and legal fees and did not provide information regarding the details of fees such as the lodestar method, hours worked, hourly rate, and dates of service. He argues that the trial court did not consider lesser sanctions, how Valero calculated the monetary sanctions, or the direct relationship between the sanctions and the offensive conduct.

According to Valero's Motion for a Show-Cause Order and Sanctions for Failure to Respond to Discovery as Ordered, the trial court ordered Johnson to reply to Valero's discovery requests by May 23, 2023. Valero requested that Johnson and

28

his counsel be ordered to appear to show cause as to why Valero should not receive its attorneys' fees for Johnson's failure to comply, order Johnson to pay $5,930 in reasonable attorneys' fees incurred by Valero in the making of the motion, and inform Johnson that his continued failure to respond to discovery would result in dismissal of his lawsuit. Attached was the Declaration of Heather Sherrod, the attorney representing Valero, wherein she testified that Valero incurred $5,930 in reasonable and necessary attorneys' fees related to Johnson's failure to respond to discovery; however, there was no basis of how that total amount was calculated or determined. The trial court granted the Motion and ordered Johnson to pay Valero $5,930 in attorneys' fees by July 21, 2023, and submit complete responses to Valero's discovery requests with all responsive documents by July 7, 2023.

Valero's counsel's Declaration which was attached to the first motion for sanctions only provided that the amount was reasonable and necessary, were related to Johnson's failure to respond to discovery, and only identified some of the things Valero did to request said fee. More specifically, the attorneys' fees were incurred for: (i) corresponding with Johnson's counsel about when they would receive the responses; (ii) conducting research and analysis concerning the procedures and standards governing discovery abuse; (iii) drafting comprehensive submissions to the Court on this issue, including a Motion to Compel and Motion for Sanctions; and

(iv) preparing for and participating in oral argument at the hearing concerning the Motion to Compel.

Johnson did not attend the hearing on the first Motion for Sanctions and argued that he was unaware of the sanctions imposed until he received the Second Motion for Sanctions. Johnson did object to the $5,930 sanction in his "Plaintiff's Motion to Reconsider, Vacate, or Amend Sanctions and Response to Defendant's Second Motion for Sanctions." More specifically, Johnson asked the Court to "reevaluate the imposed sanctions to determine whether they are indeed just and necessary as provided for under Rule 215," which we interpret as a sufficiency challenge to the imposed sanctions. Therefore, Johnson did preserve an objection to the $5930 sanction and asked the trial court to reconsider its actions.

Johnson argues that Valero offered no testimony, documents, time or billing records supporting its claim for reasonable and necessary attorney's fees as sanctions against him. We agree that no evidence was offered to explain the basis for the customary attorney's fees charged in similar matters; the hourly rate the law firm charged for the services; how many hours were spent on the identified services; and that the hourly rate was a usual and customary rate. "[W]hen a party seeks attorney's fees as sanctions, the burden is on that party to put forth some affirmative evidence of attorney's fees incurred and how those fees resulted from or were caused by the

sanctionable conduct." *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016) (other citations omitted).

In *Rohrmoos* the Texas Supreme Court explained the necessity of presenting either billing records or other supporting evidence when seeking to shift attorney's fees to the losing party. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). Conclusory affidavits containing mere generalities about the fees for work are legally insufficient to justify an award of attorney's fees. *Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707, 709-710 (Tex. 2019) (citing *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (per curiam) (overturning an attorney's fee award when the affidavit supporting the fees "only offer[ed] generalities" and "no evidence accompanied the affidavit"); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763-64 (Tex. 2012) (discussing the insufficiency of attorney's fee evidence that "based [its] time estimates on generalities")). And the standard for fee-shifting awards as outlined in *Rohrmoos* applies equally to fee-shifting sanctions. *Nath*, 576 S.W.3d at 709-710. Therefore, we conclude that Valero failed to provide sufficient evidence to support the trial court's Order awarding $5930 in attorney's fees as sanctions.

While the evidence shows Valero was entitled to a sanctions award, there was not sufficient evidence to establish that the amount of the attorney's fees the trial court awarded was reasonable and just. In order for the trial court to properly

31

exercise its discretion, it needed evidence of the factors outlined in *Rohrmoos*. *See Rohrmoos*, 578 S.W.3d at 498; *Nath*, 446 S.W.3d at 372 n.30 (explaining that the Court was remanding to resolve outstanding discrete attorney's fees issue by hearing or by affidavit submission). On remand, we are confident that the trial court can resolve this by hearing or affidavit submission.

In its second Motion for Sanctions for Failure to Comply with Court Order, filed on October 26, 2023, Valero stated "[w]hile Johnson did comply with the Court's second order requiring complete discovery responses, Johnson has failed to comply with the order regarding Valero's fees." The Motion further indicated that at an August 8, 2023, hearing on Valero's Motion to Dismiss, the Court ordered Johnson to pay the sanctions within thirty days — by September 7, 2023. Johnson failed to do so, again. Valero requested that Johnson be ordered to pay an additional $1,730 in reasonable attorneys' fees incurred in the making of the Motion and inform Johnson that his continued failure to comply with the Court's order would result in dismissal of his lawsuit. The second motion did not include an affidavit or declaration regarding the fees. The trial court granted Valero's Second Motion for Sanctions and instead of ordering Johnson to pay the attorney's fees, the trial court ordered Kennard to pay a total of $7,660 in attorneys' fees by November 29, 2023, or the claim would be subject to dismissal with prejudice.

A review of the record before this Court, indicates that Valero failed to provide sufficient evidence, other than the total amount, of the attorneys' fees and expenses caused by Johnson and Kennard's failure to obey discovery orders. *See* Tex. R. Civ. P. 215.2(b)(8) (authorizing a trial court to charge the party abusing the discovery process with reasonable expenses, including attorneys' fees caused by the failure to obey discovery orders). "[W]hen a party seeks attorney's fees as sanctions, the burden is on that party to put forth sufficient affirmative evidence of attorney's fees incurred and how those fees resulted from or were caused by the sanctionable conduct." *Christus Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016) (other citations omitted) (discussing sanctions under Rule 13 and Chapter 10). Here, Valero failed to provide invoices or details regarding the number of hours worked, the hourly rate, or the invoice calculation method. And while Valero provided a declaration with its first Motion for Sanctions, the declaration only included the total amount of fees related to Johnson's failure to respond to discovery. Valero did not provide an affidavit or declaration with its second Motion for Sanctions for the additional $1,730. Absent bills or invoices showing the amount of fees that resulted from or were caused by Johnson's discovery abuse, or information on Valero's hourly rate and billing details, the record does not contain sufficient evidence supporting the sanction amount. We therefore hold that the trial court abused its

33

discretion in awarding sanctions to Valero, and we reverse and remand this sanction award for further consideration by the trial court consistent with this opinion. *See id.*

We sustain issue six in part as to the amount of the sanction award.

## Conclusion

We overrule issues one through five which include Johnson's challenges to Valero's Motion for Summary Judgment and Johnson's Motion to Strike. We sustain issue six in part, which is Kennard's challenge to the amount of the sanctions imposed for discovery abuse, and on that issue, we reverse and remand for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

W. SCOTT GOLEMON
Chief Justice

Submitted on August 25, 2025
Opinion Delivered January 29, 2026

Before Golemon, C.J., Johnson and Wright, JJ.